# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **Richard Leal**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:12CV-15-S |
| v. ) | |
| ) | |
| **American Federation of Government** ) | |
| **Employees (Mr. John Gage),** ) | |
| ) | |
| and ) | |
| ) | |
| **AFGE #2302 Vicki Loyall,** ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants American Federation of Government Employees, AFL-CIO ("AFGE") and American Federation of Government Employees, AFL-CIO, Local No. 2302 ("Local 2302") in accordance with 28 U.S.C. §§ 1441 and 1446, hereby notify the Court of the removal of this action from the Hardin County District Court of the Commonwealth of Kentucky to the United States District Court for the Western District of Kentucky.[1] Defendants remove pursuant to 28 U.S.C. §§1331 and 1441(b) because Plaintiff's claims against Defendants, although artfully pled, arise out of federal sector labor-management relations and are therefore completely preempted by the Federal Service Labor-Management Relations Statute ("FSLMRS"), 5 U.S.C. §7101 *et seq.* In support of removal, Defendant states the following:

---

[1] While it is unclear from the face of the complaint, inasmuch as John Gage or Vicki Loyall were intended to be named defendants in this action, Mr. Gage and Ms. Loyall hereby join this Notice of Removal.

1. AFGE and Local 2302 are Defendants in a civil action pending in the Hardin County District Court of the Commonwealth of Kentucky. The civil action is captioned *Richard Leal v. John Gage, et al.*, Case No. 11-S-00184.

2. Plaintiff, Richard Leal ("Leal"), filed this action on December 15, 2011.

3. Defendants received a copy of the summons and the initial pleading on December 22, 2011.

4. This Notice of Removal dated January 10, 2012 is therefore timely filed in accordance with 28 U.S.C. § 1446.

5. Copies of the Summons and Complaint are attached to this Notice of Removal as Exhibit 1. This is the sole pleading that Defendants have received in the pending state court action.

6. Leal is a federal employee because he is employed by the United States Army Human Resources Command, which is a federal agency. *See* 5 U.S.C. §§ 7103 (a)(2), 7103 (a)(3); www.hrc.army.mil.

7. Leal is a member of Local 2302. *See* Exhibit 1 at 3.

8. John Gage is the National President of the American Federation of Government Employees, AFL-CIO ("AFGE").

9. AFGE is a non-profit labor organization and unincorporated association representing government workers. Pursuant to the Federal Service Labor-Management Relations Statute ("the FSLMRS"), AFGE, on its own and in conjunction with its affiliated councils and locals, is certified by the U.S. Federal Labor Relations Authority as the exclusive representative for numerous bargaining units comprised of federal employees. *See* 5 U.S.C. §§ 7103 (a)(4), 7111, 7112.

10. Vicki Loyall is employed by the U.S. Army, Fort Knox, Directorate of Public Works and is also the President of American Federation of Government Employees, AFL-CIO, Local No. 2302 ("Local 2302").

11. Local 2302 is a non-profit labor organization and unincorporated association that, pursuant to the FSLMRS, represents federal government workers in collective bargaining and related matters. Local 2302, on its own and in conjunction with its affiliated parent labor organizations, represents certain Department of Defense employees employed at Fort Knox, Kentucky, including Leal. *See* Exhibit 1 at 3; 5 U.S.C. §§ 7103 (a)(4), 7111, 7112; *cf. Dep't of Defense U.S. Army Armor Center and Fort Knox, Fort Knox, Kentucky and AFGE Local 2302*, 43 FLRA 476 (1991).

12. Leal alleges that Local 2302 violated the Federal Trade Commission's "Cooling Off Rule" when it recruited him to become a member of Local 2302. Specifically, the complaint claims that Local 2302 failed to inform him of "the cancellation procedures" and failed to provide him with two copies of "the cancellation form." *See* Exhibit 1 at 3.

13. Leal asks as a remedy that Local 2302 cancel Leal's previously agreed upon dues allotment. *See* Exhibit 1 at 3.

14. Dues allotments to federal labor organizations are governed solely and exclusively by the FSLMRS. Specifically, Section 7115 provides for the enforceability of dues allotments and establishes that they are irrevocable for one year. 5 U.S.C. § 7115 (a). Moreover, Section 7102 grants federal employees with the right to form, join or assist any labor organization or refrain from such activity without fear of reprisal. 5 U.S.C. § 7102.

15. The FSLMRS also establishes a comprehensive and exclusive remedial scheme for violations that fall within its scope, such as Leal's complaint. Specifically, the FSLMRS

makes it an unfair labor practice for a labor organization to interfere with, restrain, or coerce any employee in the exercise of the employee's right not to join or assist the labor organization. *See* 5 U.S.C. §§ 7116 (b)(1), 7116 (b)(2), 7116(b)(8).

16. Finally, the FSLMRS provides that the only way in which an unfair labor practice allegation may be reviewed by a court is through the appeal of a final order the Federal Labor Relations Authority. 5 U.S.C. § 7123 (a).

17. Consequently, because Leal's claims are only cognizable as unfair labor practice allegations, the FSLMRS completely preempts this action. *See Karahalios v. National Federation of Federal Employees*, 489 U.S. 527 (1989).

18. The fact that Leal has attempted to mask his unfair labor practice allegations as state law claims does not change this result. A corollary to the well-pleaded complaint rule is that a plaintiff may not defeat removal through artful pleading, *i.e.*, omitting to plead necessary federal questions. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state law claim. 522 U.S. at 475-76 ("once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law"); *City of Warren v. City of Detroit*, 495 F. 3d 282, 287 (6th Cir. 2007).

19. Thus, Plaintiff's claims against Defendants, as referenced in paragraphs 12 and 13 of this Notice of Removal, arise under the Constitution, laws, or treaties of the United States because they are completely preempted by federal law, specifically, the FSLMRS, 5 U.S.C. § 7101, *et seq*.

20. Therefore, *Richard Leal v. John Gage, et al.*, civil action No. 11-S-00184, presently pending in the state courts of Kentucky, against Defendants is removable to this Court under 28 U.S.C. §1441.

21. By virtue of this Notice of Removal, Defendants do not waive their right either to answer the Complaint and/or assert any claims, defenses or other motions, including, but not limited to Rule 12 motions permitted by the Federal Rules of Civil Procedure.

22. Written notice of the filing of this Notice will be given forthwith to all adverse parties as required by law.

23. A true copy of this Notice will be filed with the Clerk of the Hardin County District Court.

WHEREFORE, Defendants respectfully request that the instant action now pending in the Hardin County District Court of the Commonwealth of Kentucky be removed to the United States District Court for the Western District of Kentucky.

Respectfully submitted,

/s/ Michele Henry_____

Priddy Cutler Miller & Meade, PLLC
800 Republic Building
429 W. Muhammad Ali Blvd.
Louisville, KY  40202
Phone: (502) 632-5272
Facsimile: (502) 632-5273
Email: henry@pcmmlaw.com

*and*

Matthew Milledge
Staff Counsel, AFGE
80 F. St N.W.
Washington, DC 20001
(202) 639-6424
millem@afge.org

## CERTIFICATE OF SERVICE

I hereby affirm and certify that Defendants NOTICE OF REMOVAL and attached exhibits were filed and served this 10th day of January, 2012 via the Court's electronic case filing system, and were sent via United States first class certified mail to:

Richard Leal
114 Hannah Court
Elizabethtown, Kentucky 42701

/s/ Michele Henry_____
*Attorney for Defendants*