# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

| | | |
|---|---|---|
| **Richard Leal**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12-cv-00015 |
| | ) | Judge Charles R. Simpson, III |
| **American Federation of Government** | ) | |
| **Employees**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ANSWER BY DEFENDANTS AFGE, LOCAL 2302, GAGE, AND LOYAL</u>

Defendants, American Federation of Government Employees, AFL-CIO ("AFGE"),

American Federation of Government Employees, AFL-CIO, Local No. 2302 ("Local 2302"),

John Gage ("Gage"), and Vicki Loyall ("Loyall") hereby raise the following affirmative defenses

to Plaintiff's action:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's action must be dismissed for lack of subject matter jurisdiction.  Plaintiff's

allegations are artfully pleaded unfair labor practice claims that are completely preempted from

this Court's, or any other court's, subject matter jurisdiction by the Federal Service Labor-

Management Relations Statute (the "Statute").  *See* 5 U.S.C. § 7101 *et seq*.; *Karahalios v.*

*National Federation of Federal Employees*, 489 U.S. 527 (1989) ("Had Congress intended the

courts to enforce a federal employees union's duty of fair representation, we would expect to

find some evidence of that intent in the [S]tatute or its legislative history.  We find none.");

*Fowlkes v. Nat'l Archive and Records Admin.*, 2006 WL 3545105 at *1 (S.D. Ohio 2006) (not

reported) (following *Karaholios*);  *cf. Montplaisir v. Leighton*, 875 F. 2d 1, 2-4 (1st Cir. 1989) ("When labor-law preemption is an issue, creative labeling cannot carry the day."). Under the Statue, the exclusive forum for Plaintiff's unfair labor practice claims is the United States Federal Labor Relations Authority.  *See* 5 U.S.C. § 7118; *Karahalios*, 489 U.S. 527 at 532, 536.[1]

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's action must be dismissed for failure to state a claim upon which relief may be granted as to any of the defendants separately or collectively.

## ADMISSIONS AND DENIALS

In the Complaint, Plaintiff's description of his claims consisted of six paragraphs under a single numbered paragraph.  For the sake of clarity, Defendants have renumbered these paragraphs as shown in the document attached hereto as Exhibit 1.  Defendants AFGE, Local 2302, Gage, and Loyall hereby answer Plaintiff's complaint as follows:

1.  In response to the allegations in the second sentence of paragraph 1, Defendants admit that payroll deduction forms were collected for AFGE Local 2302 at the HRC Café located in the military installation at Fort Knox, Kentucky.  The allegations contained in the first and third sentences of paragraph 1 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2.  In response to the allegations in the first and second sentences of paragraph 2, Defendants admit that a program was in place that paid employees a rebate of $100.00 for becoming members and that paid existing members $100.00 for signing

---

[1] Removal of this action, however, was appropriate because the Plaintiff's unfair labor practice claims arise exclusively under federal law.  *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475-76 (1998) ("[O]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law.").

up new members; Defendants deny that a "paid Union Recruitor," i.e., an employee or agent of the Defendants, informed Plaintiff that he could "cancel [his membership] after 6 pay periods." The allegations in the third sentence of paragraph 2 constitute Plaintiff's opinion to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3.    In response to the allegations in the first sentence of paragraph 3, Defendants admit that Vicki Loyall ("Loyall") is the president of the American Federation of Government Employees, AFL-CIO, Local No. 2302; Defendants admit that Local 2302 represents federal employees at the Fort Knox military installation; Defendants deny that Plaintiff requested to cancel his membership on November 7, 2011; Defendants admit that Plaintiff sent multiple emails on November 7, 2011 to Loyall concerning his membership; Defendants admit that one of the emails contained the name of a coworker. The remaining allegations contained in the first sentence of paragraph 3 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. In response to the allegations in the second sentence of paragraph 3, Defendants admit that on November 8, 2011, Loyall informed Plaintiff that his payroll deduction form had been processed and that on November 14, 2011, Loyall informed Plaintiff that it was not possible to cancel his membership because his payroll deduction form had already been processed. In response to the fourth sentence of paragraph 3, Defendants admit that Plaintiff requested a copy of the payroll deduction form and that Loyall provided Plaintiff with a copy of the form but are without sufficient information or knowledge to form a belief as to the truthfulness of the allegations regarding precisely when the

form was requested and received. In response to the fifth sentence of paragraph 3, Defendants admit that Local 2302 declined to terminate Plaintiff's dues allotment prior to the expiration of the one year time period specified in 5 U.S.C. § 7115(a) and that AFGE attorney Matthew Milledge communicated Local 2302's refusal to an attorney purporting to act on Plaintiff's behalf; Defendants deny any other allegations contained in the fifth sentence of paragraph 3.

4.     The allegations contained in paragraph 4 constitute Plaintiff's opinions to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5.     In response to the Prayer for Relief contained in paragraph 5, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

6.     In response to the Prayer for Relief contained in paragraph 6, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

7.     In response to the Prayer for Relief contained in paragraph 7, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

8.     In response to the Prayer for Relief contained in paragraph 8, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

9.     Defendants deny each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, Defendants request that the Court enter judgment in its favor, order that the Complaint be dismissed with prejudice, and grant Defendants such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Michele Henry

Priddy Cutler Miller & Meade, PLLC
800 Republic Building
429 W. Muhammad Ali Boulevard
Louisville, Kentucky 40202
Phone: (502) 632-5272
Fax:     (502) 632-5273
Email:  henry@pcmmlaw.com

and

Matthew Milledge
Staff Counsel, AFGE
80 F St NW
Washington, DC 20001
Phone: (202) 639-6424
Fax:     (202) 639-6441
Email:  millem@afge.org

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed this 17th day of January, 2012, via the Court's electronic case filing system, and was sent via United States Postal Service, first class, postage prepaid to:

Richard Leal
114 Hannah Court
Elizabethtown, Kentucky 42701

/s/ Michele Henry

*Attorney for Defendants*