# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **Richard Leal**,        )<br>                              )<br>        Plaintiff,         )<br>                              )<br>        v.                    )<br>                              )<br>**American Federation of Government**  )<br>**Employees**, *et al*.,        )<br>                              )<br>        Defendants.      )<br>                              ) | Civil Action No. 3:12-cv-00015<br>Judge Charles R. Simpson, III<br>Magistrate Judge Dave Whalin<br><br><br>Date: March 19, 2012 |

## MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 12(c), Defendants, American Federation of Government Employees, AFL-CIO ("AFGE"), American Federation of Government Employees, AFL-CIO, Local No. 2302 ("Local 2302"), John Gage ("Gage"), and Vicki Loyall ("Loyall"), hereby respectfully move for judgment on the pleadings and respectfully request that the Court dismiss the above-captioned action with prejudice because the Court lacks subject matter jurisdiction over the claim and the complaint fails to state a claim upon which relief may be granted. As grounds for this request, Defendants rely on the points and authorities set forth in the memorandum accompanying this motion.

Respectfully submitted,

/s/ Matthew Milledge

Staff Counsel, AFGE
80 F St NW
Washington, DC 20001
Phone: (202) 639-6424

                           Fax:   (202) 639-6441
                           Email: millem@afge.org

                           and

                           /s/ Michele Henry

                           Priddy Cutler Miller & Meade, PLLC
                           800 Republic Building
                           429 W. Muhammad Ali Boulevard
                           Louisville, Kentucky 40202
                           Phone: (502) 632-5272
                           Fax:   (502) 632-5273
                           Email:  henry@pcmmlaw.com


## **CERTIFICATE OF SERVICE**

      I certify that the foregoing MOTION FOR JUDGMENT ON THE PLEADINGS AND ACCOMPANYING MEMORANDUM OF POINTS AND AUTHORITIES was filed this 19th day of March, 2012, via the Court's electronic case filing system, and was sent the 20th day of March 20, 2012, via United States Postal Service, certified mail to:

    Richard Leal
    114 Hannah Court
    Elizabethtown, Kentucky 42701


                           /s/ Matthew Milledge
                           *Attorney for Defendants*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| **Richard Leal**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12-cv-00015 |
| | ) | Judge Charles R. Simpson, III |
| **American Federation of Government Employees**, *et al.*, | ) | Magistrate Judge Dave Whalin |
| | ) | |
| Defendants. | ) | |
| | ) | Date: March 19, 2012 |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS

#### INTRODUCTION

Defendants, American Federation of Government Employees, AFL-CIO ("AFGE"), American Federation of Government Employees, AFL-CIO, Local No. 2302 ("Local 2302"), John Gage ("Gage"), and Vicki Loyall ("Loyall"), submit this memorandum in support of their motion for judgment on the pleadings of the instant action brought against them by Plaintiff Richard Leal ("Leal"). Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") because the Court lacks subject matter jurisdiction and the complaint fails to state a claim upon which relief may be granted.

Defendants move to dismiss this action for lack of subject matter jurisdiction because Title VII of the Civil Service Reform Act (the "CSRA"), codified as the Federal Service Labor Management Relations Statute (the "FSLMRS" or "the Statute"), 5 U.S.C. § 7101, *et seq.*,

completely preempts this Court's subject matter jurisdiction over what amounts to an unfair labor practice charge.

Next, and alternatively, Defendants move to dismiss this action for failure to state a claim upon which relief may be granted for two reasons. One, the Court should dismiss Plaintiff's action because, leaving aside the Statute's complete preemption of Plaintiff's claim for the sake of argument, Plaintiff fails to plead any actionable claim against Defendants because the Federal Trade Commission's (the "FTC") "Cooling-off" rule does not apply to membership in a federal sector labor union. Two, Defendant Gage and Defendant Loyall move to dismiss Plaintiff's action as to them because the Statute precludes Gage's or Loyall's individual liability for actions allegedly taken by them in their capacity as a union representative or officer.

## **BACKGROUND**

Plaintiff originally filed the instant action on December 15, 2011 in the Hardin County District Court of the Commonwealth of Kentucky, Case No. 11-S-00184. Defendants moved to remove the action on January 9, 2012. On January 17, 2012, the Defendants filed an Answer alleging two affirmative defenses: 1) lack of subject matter jurisdiction; and 2) failure to state a claim.

In his complaint, Plaintiff alleges that Local 2302 "knowingly misled [Plaintiff] and other applicants on the length of Union membership by not informing us of cancellation procedures and failing to provide a copy of the signed membership application and two copies of the cancellation form at the time of applying." Docket 1-1, PageID 10. Plaintiff asserts that the applications were collected at the "HRC Café at Fort Knox, Kentucky." *Id.* Plaintiff alleges that this failure constituted a violation of the Federal Trade Commission's "Cooling-Off" Rule. *Id.* Plaintiff further alleges that "a paid Union Recruiter informed a friend and [Plaintiff] that we

could cancel after 6 pay periods (2 weeks in a pay period)." *Id*. As a remedy, Plaintiff seeks cancellation of his membership with Local 2302, reimbursement for any union dues deducted from his "Government Civil Service pay," and "reimbursement of leave used to file and attend court." *Id*.

In the complaint, Plaintiff identifies Loyall/Local 2302 as "AFGE #2302 Ms. Vicki Loyall, 1109 Spearhead Division Ave., Fort Knox, KY 40121" and Gage/AFGE as "American Federation of Government Employees (Mr. John Gage), 80 F St N.W., Washington DC 20001." Docket 1-1, PageID 9. Local 2302 represents certain federal employees at the Fort Knox military installation and is an affiliate of AFGE. *See Dep't of Defense U.S. Army Armor Center and Fort Knox*, *Fort Knox, Kentucky and AFGE Local 2302*, 43 FLRA 476 (1991). Loyall is the President of Local 2302. *See* Docket 1-1, PageID 10. Gage is the National President of AFGE. *See* http://www.afge.org/Index.cfm?Page=ExecutiveBios.

## **ARGUMENT**

### **I.     LEGAL STANDARD GOVERNING RULE 12(c) MOTIONS FOR JUDGMENT ON THE PLEADINGS**

A motion for judgment on the pleadings may be made after the pleadings are closed provided it is made early enough not to delay trial. Fed. R. Civ. P. 12(c); *Breeden v. HCA Physicians Services, Inc.*, 2011 WL 2746640 at *1 (W.D. Ky. 2011). Such a motion is governed by the same legal standards applicable to the corresponding Rule 12(b) motions to dismiss. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987); *Almendares v. Palmer*, 284 F. Supp. 2d 799, 801-02 (N.D. Ohio 2003). The only difference between the motions is their timing. *See Almendares*, 284 F. Supp. 2d at 802. "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly

3

entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted); *Breeden*, 2011 WL 2746640 at *1. The court need not accept as true legal conclusions or unwarranted factual inferences. *JPMorgan Chase*, 510 F.3d at 581-82 (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)); *Breeden*, 2011 WL 2746640 at *1. "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *JPMorgan Chase*, 510 F.3d at 582 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)); *Breeden*, 2011 WL 2746640 at *1.

      II.     <u>**PLAINTIFF'S ACTION MUST BE DISMISSED WITH PREJUDICE BECAUSE THE FSLMRS COMPLETELY DEPRIVES THIS COURT OF SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIM**</u>

The Court does not have subject matter jurisdiction over the Plaintiff's claim and it must therefore be dismissed with prejudice. All labor-management relations among federal employees, federal employee unions, and the United States are governed exclusively by the FSLMRS. *See Karahalios v. National Federation of Federal Employees*, 489 U.S. 527, 531 (1989) ("Since 1978, Title VII of the CSRA has been the controlling authority [for federal sector labor relations.]").[1] Here, Plaintiff is requesting that the Court cancel his membership with "AFGE #2302 Fort Knox" because Local 2302 allegedly misrepresented the membership cancellation procedures. It is not subject to reasonable dispute that the American Federation of Government Employees, AFL-CIO, Local No. 2302, is a federal sector labor union which

---

[1] Defendants removal of this action to federal court was appropriate because the FSLMRS completely preempts state law and the Plaintiff may not defeat removal through artful pleading. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475-76 (1998) ("[O]nce an area of law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law.") (internal quotations omitted); *City of Warren v. City of Detroit*, 495 F.3d 282, 287 (6th Cir. 2007) (citing *Rivet*).

4

represents federal employees at the U.S. Army military installation at Fort Knox, Kentucky. *See Dep't of Defense U.S. Army Armor Center and Fort Knox*, *Fort Knox, Kentucky and AFGE Local 2302*, 43 FLRA 476 (1991)[2]; Docket 1-1, PageID 9-10.  Nor is it subject to reasonable dispute that Leal is a federal employee as he requests reimbursement "of all monies that have been deducted from my Government Civil Service pay" and works at the Fort Knox military installation.  Docket 1-1, PageID 10. Thus, because Plaintiff concedes this action arises from his membership with Local 2302, any powers or duties that Defendants may have owed to Plaintiff arising from or related to his membership in a federal sector labor union are set forth in the FSLMRS.  Analyzed under the framework of the FSLMRS, Plaintiff's case against Defendants must therefore be dismissed with prejudice because this action is completely preempted by the FSLMRS.

In *Karahalios*, the Supreme Court clearly and unequivocally ruled that the FSLMRS completely preempts both federal and state court jurisdiction over all matters that fall within its scope, including claims that a federal employee's union breached a duty of fair representation owed to that federal employee. *Karahalios*, 489 U.S. at 536-537 ("Had Congress intended the courts to enforce a federal employees union's duty of fair representation, we would expect to find some evidence of that intent in the [S]tatute or its legislative history.  **We find none**.") (emphasis added).  In reaching this conclusion, the Supreme Court relied on the Statute's unique treatment of both the federal sector duty of fair representation and federal sector unfair labor practice claims.  More specifically, the *Karahalios* Court noted that, unlike its private sector counterparts, the Statute expressly establishes a duty of fair representation, and expressly makes

---

[2] The address provided for Local 2302 by the Plaintiff in the Complaint, 1109 Spearhead Division Ave., Fort Knox, KY 40121, is located inside the military installation at Fort Knox.

5

its breach an unfair labor practice. *Karahalios*, 489 U.S. at 532 ("Title VII also makes it clear that a breach of the duty of fair representation is an unfair labor practice.")

The Supreme Court then explained that the Statute vests **exclusive** original jurisdiction over all federal sector unfair labor practice claims with the United States Federal Labor Relations Authority (the "FLRA"). *Karahalios*, 489 U.S. at 532 ("Under § 7118, unfair labor practice complaints are adjudicated by the FLRA . . ."); *see also* 5 U.S.C. § 7118(a)(1). The Court found that the FLRA's exclusive jurisdiction over all federal unfair labor practice claims precluded any private cause of action, in part because:

> [T]he Title provides recourse to the courts in only three instances: with specified exceptions, persons aggrieved by a final order may seek review in the appropriate court of appeals, § 7123(a); the FLRA may seek judicial enforcement of its orders, § 7123(b); and temporary injunctive is available to the FLRA to assist it in the discharge of its duties, § 7123(d).

*Karahalios*, 489 U.S. at 532. Based on the Statute's grant of exclusive jurisdiction over unfair labor practice claims to the FLRA and its express restriction on judicial review of those claims, the Court concluded that:

> [N]either the language nor the structure of the [Statute] shows any congressional intent to provide a private cause of action to enforce federal employees unions' duty of fair representation. That duty is expressly recognized in the [Statute], and an administrative remedy for its breach is expressly provided for before the FLRA, a body created by Congress to enforce the duties imposed on agencies and unions by Title VII, including the duty of fair representation. Nothing in the legislative history of Title VII has been called to our attention indicating that Congress contemplated direct judicial enforcement of the union's duty.

*Karahalios*, 489 U.S. at 533.

Put simply, it is settled law that the FSLMRS provides the exclusive remedy for all claims by a federal employee that his union committed an unfair labor practice. *Id.* at 532 ; *see also*, *United States v. Fausto*, 484 U.S. 439, 445 (1988); *Bush v. Lucas*, 462 U.S. 367, 388

(1983); *Abernathy v. Runyon*, 156 F.3d 1228 (6th Cir. 1998) (unpublished) ("The CSRA exclusively governs personnel decisions affecting federal employees."); *Russell v. Dep't of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999) ("CSRA provides a comprehensive scheme for administrative and judicial review of personnel actions and practices"); *Orsay v. U.S. Dep't of Justice*, 289 F.3d 1125 (9th Cir. 2002) (finding preemption even where Statute fails to provide a remedy). Based on the above, and on its face, Plaintiff's case is fatally flawed and must be dismissed with prejudice for lack of subject matter jurisdiction because it presents a textbook case in favor of complete preclusion by the FSLMRS. *See Phillips v. Bryant*, 2012 WL 414304 at *1 (E.D. Mich. 2012) ("[E]xclusive jurisdiction for breach of fair representation claims against a federal employee's union is before the Federal Labor Relations Authority.") ; *cf. Fowlkes v. Nat'l Archive and Records Administration, et al.*, 2006 WL 3545105 at *1 (S.D. Ohio 2006) (not reported) ("Pursuant to the [FSLMRS], Plaintiff must litigate his claim that Defendant AFGE violated its duty of fair representation by raising it with the Federal Labor Relations Authority.")

  The Supreme Court's reasoning in *Karahalios* applies with equal force to the facts in the instant matter. The FSLMRS provides that "[e]ach employee shall have the right to form, join, or assist any labor organization, <u>or to refrain from any such activity</u>, freely and without fear of penalty or reprisal[.]" 5 U.S.C. § 7102 (emphasis added). Further, the Statute makes it an unfair labor practice for a labor organization "to interfere with, restrain, or coerce any employee in the exercise by the employee of any right under this chapter" and "to otherwise fail or refuse to comply with any provision of this chapter." 5 U.S.C. §§ 7116(b)(1) & (b)(8). Thus, it is an unfair labor practice for a labor organization, such as Local 2302 or AFGE, to interfere with, restrain, or coerce any employee in their exercise of the right to refrain from joining the union. *See Loring Air Force Base and AFGE Local 2943*, 43 F.L.R.A. 1087 (1992).

Here, the Plaintiff claims that Defendants allegedly misrepresented the length of membership with Local 2302 and the "cancellation procedures." As a remedy, Plaintiff seeks revocation of his membership and remuneration for any union dues deducted from his paycheck. In other words, Plaintiff is alleging that Defendants interfered with his right not to join Local 2302 or, alternatively, coerced him into joining Local 2302. Thus, there is no question as to what type of claim Plaintiff seeks to assert against Defendants. The only possible type of claim that Plaintiff may reasonably be seen as raising is a unfair labor practice. Moreover, as discussed above, there is also no question that the FSLMRS and *Karahalios* expressly forbid Plaintiff, along with all other federal employees, from bringing this precise type of claim before this Court or any other court.

Without exception, courts have, pursuant to the Supreme Court's mandate in *Karahalios*, routinely refused to allow federal employee plaintiffs to evade the Statute's preemptive effect on unfair labor practices charges by disguising their claims as tort actions or other state based claims. *See Montplaisir v. Leighton*, 875 F.2d 1, 4 (1st Cir. 1989); *Piper v. Yamaha Corp. of America*, 1992 WL 21199, FN 3 (W.D. Mich. 1992) (not reported) (citing *Montplaisir*); *see e.g. Blankenship v. McDonald*, 176 F.3d 1192, 1195 (9th Cir. 1999) (dismissing federal employee's state law intentional infliction of emotional distress claim against former supervisor as preempted by the Statute); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (finding federal employee's state tort claims against supervisor preempted by the CSRA); *United States Marshals Service v. Federal Labor Relations Authority*, 708 F.2d 1417, 1421 (9th Cir. 1983) (finding that artful pleading does not provide an escape from the FSLMRS' statutory preemption of private causes of action); *Columbia Power Trades Council v. U.S. Dep't of Energy*, 671 F.2d 325, 329 (9th Cir. 1982) ("[i]t would frustrate the Congressional scheme for . . .the [CSRA] if

8

exclusive jurisdiction could be thwarted by a party's characterization of the nature of the lawsuit."). Accordingly, even if resort to the artful pleading doctrine were necessary to analyze Plaintiff's claim, which Defendant contends is hardly necessary given its relative clarity on this point, Plaintiff's claim still fails.

In *Montplaisir*, plaintiffs, former federal air traffic controllers, sued their union's attorneys for malpractice as a result of bad advice regarding the consequences of engaging in an unlawful strike. Stating that "[w]here labor-law preemption is an issue, creative labeling cannot carry the day," the First Circuit admonished that the decision "not to couch their complaint as an unfair labor practice cuts no mustard." *Id.* Noting the statutory language making it a unfair labor practice for federal workers to condone or call for a strike, 5 U.S.C. §7116(b)(7), the court concluded that the claims before it were in reality unfair labor practice charges by union members against their union. *Id*. at 3. Since the CSRA preempted judicial review of such claims, the court concluded that it would be equally disruptive to allow plaintiffs to "accomplish indirectly (by suing PATCO's lawyers) what *Karahalios* bars them from accomplishing directly (by suing PATCO)." *Id*. at 4.

Defendants respectfully submit that the First Circuit's reasoning is both correct and persuasive when weighed against the Statute. Thus, the only way that Plaintiff may conceivably pursue his allegation that Defendants committed an unfair labor practice is by filing an unfair labor practice charge against Defendants with the FLRA. In other words, there is not now nor will there ever be any court that has original subject matter jurisdiction over Plaintiff's unfair labor practice charge against Defendants. Therefore, and for all the reasons above, this action must be dismissed with prejudice because the Court lacks subject matter jurisdiction over the Plaintiff's claim.

9

### III.     PLAINTIFF'S ACTION MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

As mentioned above, and assuming *arguendo* that this Court has jurisdiction over Plaintiff's claim, this case must nevertheless be dismissed for failure to state a claim for two reasons. One, Plaintiff does not state a claim upon which relief may be granted because the FTC's "Cooling-off" Rule does not apply to membership in a federal sector labor union. Two, Plaintiff fails to state a claim as to Defendants Gage and Loyall because the Statute precludes their individual liability for actions allegedly taken by them in their capacity as a union representative or officer.[3]

First, Plaintiff's action must be dismissed for failure to state a claim because the FTC's "Cooling-off" rule does not apply to membership in a federal sector labor union. The FTC rule governs the door-to-door sale of consumer goods and services in excess of twenty-five dollars. 16 C.F.R. § 429.0 *et seq.* The rule makes it an unfair and deceptive act and practice for a seller to fail to furnish a receipt or contract, notice of the right to cancel within three business days, and two copies of a cancellation form. 16 C.F.R. § 429.1. The regulation establishing the rule defines consumer goods and services as "goods and services purchased, leased, or rented primarily for personal, family, or household purposes" and defines seller as "any person, partnership, corporation, or association engaged in the door-to-door sale of consumer goods or services." 16 C.F.R. § 429.0.

---

[3] To the extent that the Court finds that Plaintiff has raised a claim alleging fraud, Plaintiff has failed to sufficiently plead fraud under Kentucky law. An actionable claim of fraud under Kentucky law consists of six elements: "(1) a material misrepresentation; (2) which is false; (3) which was known to be false, or made recklessly; (4) made with inducement to be acted upon; (5) which is acted upon in reliance thereon; and (6) causes injury." *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1444 (6th Cir. 1993). More specifically, Plaintiff, at the very least, fails to allege that he acted in reliance upon the alleged misrepresentation. When coupled with the requirement to plead fraud with particularity, Plaintiff's failure to plead all of the elements of fraud under Kentucky law is fatal to his case. *See* Fed. R. Civ. P. 9(b).

10

Here, Plaintiff alleges that Defendants violated the FTC rule when he submitted an "application" to join Local 2302. Docket 1-11, PageID 10. The FTC "Cooling-off" rule, however, does not apply to Plaintiff's "application" to become a member of Local 2302 and have dues deducted from his paycheck. First, dues allotments to exclusive representatives, such as Local 2302, are governed by the FSLMRS. *See* 5 U.S.C. § 7115. Those allotments, while entirely voluntary, are irrevocable for a period of one year. *See* 5 U.S.C. § 7102; 5 U.S.C. § 7115(a). Second, membership in a federal sector union is not a consumer good or service. Third, Defendants are not engaged in the door-to-door sale of consumer goods or service. Finally, as discussed above, the FSLMRS provides the exclusive remedy for federal employees with employment related disputes, including all claims by a federal employee that his union committed an unfair labor practice. *Karahalios*, 489 U.S. at 532. Therefore, the Plaintiff has failed to state a claim upon which relief may be granted.

Second, Plaintiff's case as to Defendants Gage and Loyall must be dismissed with prejudice because the Statute precludes Gage's and Loyall's individual liability for actions allegedly taken by them in their capacity as a union representative or officer. Under the FSLMRS, union members or officers are not subject to individual liability for their union's alleged commission of an unfair labor practice. *See* 5 U.S.C. § 7116(b) (limiting liability under the FSLMRS for a union's commission of an unfair labor practice exclusively to the "labor organization"); *see also*, *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249 (1962) (no individual liability under the LMRA); *Montplaisir v. Leighton*, 875 F.2d 1, 4-8 (1st Cir. 1989) ("[T]he *Atkinson* principle extends to federal-sector employment."); *Evangelista v. Inlandboatmen's Union*, 777 F.2d 1390, 1400 (9th Cir. 1985) (individual union members

immune from liability for union's alleged breach of duty of fair representation); *Piper v. Yamaha Corp. of America*, 1992 WL 21199, FN 3 (W.D. Mich. 1992) (not reported) (citing *Montplaisir*).

Here, Plaintiff again attempts to do that which is expressly forbidden by the Statute; bring an unfair labor practice charge against alleged union officers (Gage and Loyall) in their individual capacity. The Statute does not allow for Gage's or Loyall's individual liability in this case. Therefore, as to Defendants Gage and Loyall, this action must be dismissed with prejudice because Plaintiff fails to state a claim upon which relief may be granted.

### IV.    CONCLUSION

For all the reasons stated above, Defendant respectfully requests that the complaint in the above action be dismissed with prejudice.

Respectfully submitted,

Respectfully submitted,

/s/ Matthew Milledge

Staff Counsel, AFGE
80 F St NW
Washington, DC 20001
Phone: (202) 639-6424
Fax:    (202) 639-6441
Email: millem@afge.org

and

/s/ Michele Henry

Priddy Cutler Miller & Meade, PLLC
800 Republic Building
429 W. Muhammad Ali Boulevard
Louisville, Kentucky 40202
Phone: (502) 632-5272
Fax:    (502) 632-5273
Email:  henry@pcmmlaw.com