UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RICHARD LEAL, *pro se*                                                              PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:12-CV-15-S

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, et al.                                        DEFENDANTS

# ORDER

This matter comes before the Magistrate Judge by order of the District Court (DN 10) to consider pending non-dispositive motions. Two such motions are now before the Magistrate Judge (DN 11, 14). The first motion is filed by the Plaintiff proceeding without counsel. (DN 11). It requests an "*ex parte* decision" based on the alleged failure of the Defendant, American Federation of Government Employees (AFGE), Local 2302, to make timely service of the papers it has filed in this action following its removal from the District Court of Hardin County, Kentucky. The second motion is the *pro se* Plaintiff's motion for appointment of counsel (DN 14). AFGE has filed a response to the former motion (DN 12). The time for response to the latter motion to appoint counsel has expired without a response being filed. Accordingly, both motions of the Plaintiff are now ripe for review.

Upon consideration, the motion of the Plaintiff for an *ex parte* decision is **DENIED**. The response filed by AFGE, and the attachments thereto, confirm that AFGE has attempted timely service upon the Plaintiff in good faith at his home address, the same address listed on his original state small claims complaint (DN 11, Ex. 1). Examination of the United States Postal Service tracking and confirmation form reveals that delivery of AFGE's motion for an extension of time to file an answer was attempted on April 13, 2012, at 10:37 a.m. The tracking form indicates that notice of the attempted delivery was left at the Plaintiff's residence.

Based on the attachments to the response, the Court cannot conclude that AFGE has failed to attempt timely service on the Plaintiff. Further, AFGE in its response has volunteered to re-transmit all of its prior filings in this Court (DN 1, 5, 6, 7 and 9) to the Plaintiff's business address. Given these circumstances, no basis for relief on this motion exists.

The second motion to be addressed is the Plaintiff's motion for appointment of counsel (DN 14). In his motion, Plaintiff generally alleges that as the sole breadwinner for a family of five, he cannot afford to retain counsel to represent him in a matter that involves only the recovery of approximately $600 in AFGE membership dues that he claims the Defendant union has wrongfully refused to refund to him after he attempted unsuccessfully to cancel his membership. Plaintiff therefore asks that the Court appoint him, a retired service member, counsel to represent him in this civil action.

Plaintiff should be aware that appointment of counsel in a civil proceeding such as this one is not a matter of constitutional right. *Gregg v. SBC/Ameritech*, 321 Fed.Appx. 442, 447 (6th Cir. 2009) (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)). Only in exceptional circumstances will the Court appoint counsel to a *pro se* civil litigant. *See, Lavado*, 992 F.2d at 606 ("It [appointment of counsel] is a privilege that is justified only in exceptional circumstances."). Such circumstances may exist in extraordinary cases based on the type of case and the ability of the Plaintiff to represent himself. *Id*. (citing *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). Appointment of counsel will not be appropriate in those cases in which the legal and factual issues are non-complex, or when the chances of the Plaintiff for success are extremely slim. *Id*. (citing *Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983)). *See also, Lassiter v. Dept. of*

*Soc. Svs. of Durham County*, *N.C.*, 452 U.S. 18, 26-27 (1981) ("[A]n indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty.").

Because the Plaintiff has not established the type of extraordinary circumstances necessary for the Court to order appointment of counsel, and because Plaintiff has not established his indigency by affidavit so as to authorize the Court to request an attorney to represent him pursuant to 28 U.S.C. §1915(e)(1), the motion of the Plaintiff for appointment of counsel is **DENIED**.[1]

Copy: Plaintiff *pro se*
       Counsel of Record

---

[1] A third motion filed by AFGE to stay both discovery and the scheduling conference presently set for April 23, 2012, pending the resolution of its dispositive motion for judgment on the pleadings (DN 16), is currently not ripe for review by the Magistrate Judge, who shall address the nondispositive motion to stay by separate order.